UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric A. Clampit,                                         Case No. 3:20-cv-1014

                Plaintiff

       v.                                               MEMORANDUM OPINION
                                                     AND ORDER

Commissioner of Social Security,

                Defendant

## I.    INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Kathleen B. Burke. (Doc. No. 19). Judge Burke recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Eric A. Clampit's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (*Id.*). Clampit timely filed objections to the R & R, (Doc. No. 20), and the Commissioner responded. (Doc. No. 21).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Clampit, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 19 at 1-11).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV.   DISCUSSION

Clampit states a single objection to the R & R: that Judge Burke erred in concluding the ALJ's determination of Clampit's RFC was consistent with the state agency expert opinions, which the ALJ found to be persuasive. Specifically, Clampit objects to the ALJ's failure to address the state agency opinion limiting Clampit to superficial interaction.

As noted by the ALJ, two state psychiatric consultants opined that Clampit was limited to working "in a setting with occasional superficial contact with others." (Doc. No. 15 at 44). The ALJ found those state psychiatric consultant opinions "persuasive" and stated that the limitations therein were "accounted for by the adopted residual functional capacity because they are consistent with the nature, scope, or findings from the treatment record." (*Id.*). But the ALJ omitted the limitation of "superficial" contact in the RFC and concluded only that Clampit was limited to "[o]ccasional interaction with the general public, co-workers, and supervisors." (*Id.* at 38).

Judge Burke concluded the ALJ did not err in omitting the "superficial"-contact limitation because the ALJ was not required to adopt the state agency opinion verbatim, even if the ALJ found those opinions "persuasive." (Doc. No. 19 at 18-19). Judge Burke also concluded the ALJ was not required to explain why he did not adopt the "superficial"-contact limitation.

I agree that the ALJ was not required to adopt the state psychiatric consultants' opinions wholesale. *See, e.g., Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). But, "Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (July 2, 1996), cautions that an ALJ 'must always consider and address medical source opinions [and] [i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" *Holmes v. Saul*, No. 5:19-cv-2556, 2020 WL 6747750, at *8 (N.D. Ohio Oct. 26, 2020); *see also Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) ("In rendering his RFC decision, the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis.").

Here, the ALJ's RFC assessment that Clampit was limited to only "occasional" contact conflicts with the state psychiatric consultants' opinions that he was limited to "occasional" *and* "superficial" contact. This is so because "[t]he terms 'occasional' and 'superficial' are not interchangeable." *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (citing *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). "'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions." *Hurley*, 2018 WL 4214523, at *4 (further citation omitted).

By limiting Clampit to "occasional interaction" (a quantitative limitation), the ALJ did not account for the state psychiatric consultants' opinion that Clampit was also limited to "superficial"

3

interaction (a qualitative limitation). *See, e.g., Kearns v. Comm'r of Soc. Sec.*, No. 3:19CV01243, 2020 WL 2841707, at *12 (N.D. Ohio Feb. 3, 2020); *Corey v. Comm'r of Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019). While the ALJ was not required to adopt the "superficial"-interaction limitation, he was required to explain why he did not do so. Because he did not, remand is required. *See, e.g. Gonzalez v. Colvin*, No. 1:13-CV-01358, 2014 WL 1333713, at *8 (N.D. Ohio Mar. 28, 2014) (remanding even though "[t]he Court agree[d] that there may be evidence in the record that Plaintiff may not be limited to only occasional superficial interactions" because "the ALJ should have analyzed and explained that evidence" and because "relying on other information in the record to explain why the ALJ ultimately omitted the limitation from Plaintiff's RFC would require this Court to engage in the *post hoc* rationalization that case law clearly prohibits."); *Corey*, 2019 WL 3226945, at *4; *Lindsey*, 2018 WL 6257432, at *4-*5.

### V. CONCLUSION

For the foregoing reasons, I respectfully disagree with Judge Burke's finding that the ALJ was not required to explain why he omitted the "superficial"-interaction limitation. As such, I reject the R & R as to that issue. The Commissioner's decision is hereby reversed, and the matter is remanded for further proceedings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4